**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

COLBY BLAKE FITTS,

Petitioner,

v. Case No. 5:26-cv-182-TKW-MJF

TOMMY FORD, *et al.*,

Respondent.
_________________________________/

## REPORT AND RECOMMENDATION

Petitioner Colby Blake Fitts is a Florida pretrial detainee confined at the Bay County Jail. In his third amended petition pursuant to 28 U.S.C. § 2241, Fitts requests a discharge of Florida's criminal proceedings against him. *See* Doc. 21 at 6 (requesting "this honorable court to be discharged with extreme prejudice."). Fitts asserts that Florida's pretrial detention of him violates the Florida Constitution, the United States Constitution, and the Federal Rules of Civil Procedure. Because the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971) precludes the District Court from interfering in Florida's

ongoing prosecution of Fitts, the District Court should dismiss Fitts's third amended petition.

## BACKGROUND

In Case No. 2026CF01160A, in the Fourteenth Judicial Circuit in and for Bay County, Florida, the State of Florida has charged Fitts with three counts of battery of a law enforcement officer, one count of resisting an officer with violence, one court of resisting an officer without violence, and one count of attempting to deprive an officer of protection or communication. In his third amended petition, Fitts asserts that Florida's prosecution and detention of Fitts is unlawful because:

(1) the Respondents deprived Fitts of personal property, including his name, fingerprints, and personal details in violation of the Florida Constitution;

(2) the Respondents deprived Fitts of his rights to personal property in violation of the United States Constitution;[1]

(3) the Respondents stole Fitts's identity and have subjected Fitts

[1] Fitts's "supporting facts" vaguely reference the Fifth Amendment right against self-incrimination and the Fourth Amendment's proscription of unreasonable searches and seizures. Fitts, however, does not provide any supporting facts.

to "commercial slavery;" and

(4) Fitts has been denied due process because he has not had a speedy trial, the Circuit Court in and for Bay County is an improper venue, and the Circuit Court has not provided proof of its jurisdiction.

Fitts requests "this honorable court to be discharged with extreme prejudice." Doc. 21 at 6.

## DISCUSSION

### A. The *Younger* Abstention Doctrine

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977)).

In *Younger*, the Supreme Court held that federal courts should not enjoin a pending state criminal proceeding unless an injunction is necessary to prevent great and immediate irreparable injury. 401 U.S. at 53–54. As the Supreme Court stated: "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. The Supreme Court's *Younger*

decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. *Id.* at 44; *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).

Under *Younger*, a district court should abstain from interfering with ongoing state proceedings when "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise constitutional issues." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson*, 32 F. 4th at 1099.

Generally, the *Younger* analysis is conducted in three steps. First, federal courts consider whether a qualifying state-court proceeding is pending. *Tokyo Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1267–68 (11th Cir. 2019). If so, federal courts then consider whether it is appropriate to abstain under the factors set forth in *Middlesex*. *Id.* at

1268. If abstention appears to be appropriate, federal courts then must determine whether any exception to *Younger* applies. *Middlesex*, 457 U.S. at 435; *Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975).

**1. *There is an Ongoing, Qualifying State Proceeding***

Florida is currently prosecuting Fitts for the charges noted above. Accordingly, the first *Younger* criterion is satisfied.

**2. *The* Middlesex *Factors Weigh in Favor of Abstention***

At the second step of the *Younger* analysis, the District Court must consider whether: (1) the federal action would interfere with ongoing qualifying state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims. *Tokyo Gwinnett, LLC*, 940 F.3d at 1267–68.

**(a). <u>Interference with State Judicial Proceedings</u>**

"In order to decide whether the federal proceeding would interfere with the state proceeding," the court looks "to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster*

*Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted).

Fitts requests that the State court be "discharged" and enjoined from prosecuting Fitts. This relief necessarily would conflict with, and would obviate, Florida's pending court proceedings.

**(b). <u>Important State Interests</u>**

The State of Florida's criminal prosecution of Fitts implicates important state interests. *Younger*, 401 U.S. at 41–44. The adjudication of criminal cases—which is a facet of crime prevention—is an important state interest, particularly when there are victims involved. *Calderon* v. *Thompson*, 523 U.S. 538, 556 (1998); *United States v. Salerno*, 481 U.S. 739, 750 (1987). "[P]reventing and dealing with crime is much more the business of the States than it is of the Federal Government . . . ." *Patterson v. New York*, 432 U.S. 197, 201 (1977). The "State has a strong sovereign interest in ensuring public safety and criminal justice within its territory, and in protecting all crime victims . . . . The State also has a strong interest in ensuring that criminal offenders . . . are appropriately punished and do not harm others in the State." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 651 (2022). Thus, there is a "strong judicial policy

against interference with state criminal proceedings." *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981). Accordingly, the second *Middlesex* factor also weighs in favor of abstention.

**(c). <u>Adequate Opportunity to Raise Federal Claims</u>**

Finally, Fitts will have an adequate opportunity to raise his federal claims in state courts. In order for Fitts to show he lacks an adequate opportunity to raise his claims, he must assert that he is procedurally prevented from raising the claims pretrial, during trial, or at a subsequent stage of the criminal proceedings. *See Johnson*, 32 F.4th at 1101 ("what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts.") (citing *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996)). Fitts has not alleged any facts showing that he is procedurally prevented from challenging the denial of his speedy trial rights, the use of statements obtained in violation of the Fifth Amendment, evidence seized in violation of the Fourth Amendment, or the ability to challenge witness testimony. Indeed, the underlying state criminal case affords Fitts adequate opportunities to raise the claims he seeks to assert in his petition. *See Johnson,* 32 F.4th at 1100 (noting that Florida law permits

a defendant to file a writ of prohibition and a direct appeal to challenge an alleged violation of the defendant's Sixth Amendment right to a speedy trial). Accordingly, the third *Middlesex* factor also weighs in favor of abstention.

### 3. *There Are No Applicable Exceptions to* Younger

Fitts has not alleged bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. "[T]he cost, anxiety, and inconvenience of having to defend against a single prosecution alone do not constitute 'irreparable injury'" that would warrant federal interference in a state criminal proceeding. *Kugler*, 421 U.S. at 124.

## CONCLUSION

Because the abstention doctrine articulated by the Supreme Court in *Younger v. Harris* applies to this case, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice Petitioner Colby Blake Fitts's third amended petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

2. **DIRECT** the clerk of the court to close the case file.

At Panama City, Florida, this 26th day of October 2026.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b). Objections to this report and recommendation ("R&R") must be filed within fourteen days of the date of the R&R. A party who fails to object to the magistrate judge's findings or recommendations contained in this R&R waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. If Plaintiff disputes the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of those facts, they must raise this issue in an objection to this R&R.**